UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JULIA    LOMBARD,    an
individual,

     Plaintiff,

v.                   Case No: 2:13-cv-667-FtM-29DNF

TZ INSURANCE SOLUTIONS, LLC,
a Delaware limited liability
corporation,

     Defendant.

---

## OPINION AND ORDER

This matter comes before the Court on review of Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Strike Plaintiff's Punitive Damages Claim (Doc. #9) filed on November 15, 2013.  Plaintiff filed a Response (Doc. #12) on November 29, 2013.  For the reasons set forth below, the motion is granted in part and denied in part.

### I.

Under Federal Rule of Civil Procedure 8(a)(2), a Complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)

(citation omitted).  To survive dismissal, the factual allegations must be "plausible" and "must be enough to raise a right to relief above the speculative level."  Id. at 555.  See also Edwards v. Prime Inc., 602 F.3d 1276, 1291 (11th Cir. 2010).  This requires "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citations omitted).

In deciding a Rule 12(b)(6) motion to dismiss, the Court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff, Erickson v. Pardus, 551 U.S. 89 (2007), but "[l]egal conclusions without adequate factual support are entitled to no assumption of truth," Mamani v. Berzain, 654 F.3d 1148, 1153 (11th Cir. 2011) (citations omitted).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.  "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible."  Chaparro v. Carnival Corp., 693 F.3d 1333, 1337 (11th Cir. 2012) (internal quotation marks and citations omitted).  Thus, the Court engages in a two-step approach: "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  Iqbal, 556 U.S. at 679.

**II.**

Plaintiff Julia Lombard (Plaintiff or Lombard) filed a seven-count Complaint (Doc. #1) against Defendant TZ Insurance Solutions, LLC (Defendant or TZ).  Lombard alleges that TZ wrongfully retaliated, interfered, and discharged her in violation of the Americans with Disability Act (ADA), the Florida Civil Rights Act of 1992 (FCRA), the Family & Medical Leave Act (FMLA), and the Florida Whistleblower Act (FWA).  (Id.)

The underlying facts, as alleged in the Complaint, are as follows.  Lombard worked for TZ as an insurance salesperson.  (Id. at ¶ 9.)  Lombard suffers from ulcerative colitis which "limits [her] major bodily functions and several major life activities." (Id. at ¶¶ 12-13.)  In March 2012, Lombard began suffering ulcerative colitis "flare ups," which ultimately required surgery. (Id. at ¶ 17.)  Lombard notified TZ of her condition and requested leave in order to have surgery and recuperate.  (Id. at ¶ 18.)  TZ approved Lombard's absence on March 26, 2012.  (Id. at ¶ 20.) Shortly following that approval, Lombard was subject to "unwarranted discipline" and was terminated on April 13, 2012. (Id.)  Although TZ told Lombard that her termination was performance-related, Lombard alleges that she was dismissed "in retaliation for requesting [a] reasonable accommodation" (leave to have surgery and recuperate) for her disability.  (Id. at ¶¶ 20-23.)  Accordingly, Lombard contends that her termination violated

various provisions of the ADA, FCRA, and FMLA. (Id. at ¶¶ 50-124.)

Lombard also claims that her termination was impermissible retaliation for whistleblower activity. (Id. at ¶¶ 125-36.) Lombard contends that, in order to meet management's quotas, TZ salespeople frequently submitted fraudulent insurance applications. (Id. at ¶¶ 28-48.) According to Lombard, she was terminated because she told management about the alleged fraud and refused to participate herself. (Id.) As a result, Lombard contends that her termination violated the FWA's whistleblower protections. (Id. at ¶¶ 125-36.)

### III.

TZ moves to dismiss the Complaint, arguing that counts one through six each fail to state a claim.[1] (Doc. #9.) In the alternative, TZ moves to strike Lombard's demand for punitive damages resulting from TZ's alleged violation of the FWA (count seven). (Id.) Lombard responds that each count was adequately pled and that she is not seeking punitive damages for her FWA claim. (Doc. #12.) Each count is addressed in turn.

---

[1] Though TZ characterizes its requested relief as dismissal of the Complaint in its entirety, TZ's only argument with respect to count seven is that Lombard cannot recover punitive damages.

**A.   Lombard's ADA and FCRA Discrimination Claims (Counts One and Two)**

The FCRA is to be construed in conformity with the ADA.  Albra v. Advan, Inc., 490 F.3d 826, 835 (11th Cir. 2007).  Accordingly, analysis of FCRA claims is identical to analysis of ADA claims, and federal case law interpreting the ADA is applicable to claims arising under the FCRA.  Reis v. Univ. City Develop. Partners, Ltd., 442 F. Supp. 2d 1238, 1243 (M.D. Fl. 2006) (citing Wimberly v. Sec. Tech. Group, Inc., 866 So. 2d 146, 147 (Fla. 4th DCA 2004)); Stanley v. Lockheed Martin Corp., No. 11-CV-1649, 2013 WL 3974655, at *12 (M.D. Fla. Aug. 1, 2013) (same).  Thus, the Court will address Lombard's ADA and FCRA discrimination claims together.

The ADA prohibits discrimination "against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). "[T]o establish a prima facie case of employment discrimination under the ADA, a plaintiff must demonstrate that (1) he has a disability, (2) he is a 'qualified individual,' which is to say, able to perform the essential functions of the employment position that he holds or seeks with or without reasonable accommodation, and (3) the defendant unlawfully discriminated against him because of the

disability." D'Angelo v. ConAgraFoods, Inc., 422 F.3d 1220, 1226 (11th Cir. 2005) (quotations omitted).

The ADA defines "disability" as either "a physical or mental impairment that substantially limits one or more major life activities . . . a record of such an impairment . . . or being regarded as having such an impairment." 42 U.S.C. § 12102(1). In turn, "major life activities" is defined to include "major bodily function[s] including, but not limited to, functions of the immune system, normal cell growth, digestive, bowel, bladder, neurological, brain, respiratory, circulatory, endocrine, and reproductive functions." Id. § 12102(2)(B). Here, Lombard has alleged that her ulcerative colitis "substantially limits the function of her gastric and intestinal system." (Doc. #1, ¶ 12.) Thus, Lombard asserts (and TZ does not contest) that, as alleged, her condition meets the ADA's definition of disability. The Court agrees.

Turning to the second prong, Lombard alleges that she is a "qualified individual" able to perform the essential functions of her job at TZ, as evidenced by the fact that, prior to her termination, she had received "good to very good performance reviews." (Doc. #1, ¶¶ 14-15.) TZ argues that the second prong is not met because attendance at work is an essential job function and, by her own admission, Lombard's disability required absence from work. While TZ is correct that attendance is an essential

job function, <u>Hilburn v. Murata Elecs. N. Am., Inc.</u>, 181 F.3d 1220, 1231 (11th Cir. 1999), scheduled brief absences, as opposed to unscheduled frequent absences, do not necessarily disqualify an individual from invoking the ADA's protections.  <u>Compare</u> <u>Sawinski v. Bull Currie Ford, Inc.</u>, 881 F. Supp. 1571, 1574 (M.D. Fla. 1995) <u>with</u> <u>Pittman v. Moseley, Warren, Prichard & Parrish</u>, No. 01-CV-279, 2002 WL 2007880, at *4-5 (M.D. Fla. July 29, 2002).  Here, Lombard alleges that her disability could have been accommodated with "brief leave" for which advance notice was given.  (Doc. #1, ¶¶ 17-19.)  Accordingly, the Court finds that Lombard has properly alleged that she is a qualified individual.

To satisfy the third prong, Lombard must allege that TZ was aware of her disability and that she was discriminated against because of her disability.  <u>Morisky v. Broward Cnty.</u>, 80 F.3d 445, 447-48 (11th Cir. 1996).  Lombard has done so.  The Complaint alleges that Lombard notified TZ of her condition when she requested leave from work in order to have surgery and recuperate.  (Doc. #1, ¶¶ 18-19.)  These allegations are sufficient to support Lombard's contention that she "was regarded as disabled by TZ based upon her actual and her perceived impairment."  (<u>Id.</u> at ¶ 16.)  Lombard also alleges that, following her request for leave, she was subject to discipline and termination as a result of missing work due to her disability.  (<u>Id.</u> at ¶ 20.)  According to Lombard, non-disabled TZ employers were neither disciplined nor terminated

under similar circumstances.   (Id. at ¶ 21.)   Thus, Lombard's allegations satisfy the third prong and, accordingly, Lombard has adequately alleged her ADA and FCRA discrimination causes of action.

**B.   Lombard's ADA and FCRA Retaliation Claims (Counts Three and Four)**

For the reasons stated above, the Court will address Lombard's ADA and FCRA retaliation claims together.   The ADA prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by this chapter." 42 U.S.C. § 12203(a).   This prohibition is analyzed "under the same framework . . . employ[ed] for retaliation claims arising under Title VII." Stewart v. Happy Herman's Cheshire Bridge, Inc., 117 F.3d 1278, 1287 (11th Cir. 1997).   Accordingly, "[t]o establish a prima facie case of retaliation, a plaintiff must show: (1) statutorily protected expression; (2) adverse employment action; and (3) a causal link between the protected expression and the adverse action." Id.

Lombard's allegation that she requested a reasonable accommodation for her disability satisfies the first prong's requirement that she engage in statutorily protected expression. See Lucas v. W.W. Grainger, Inc., 257 F.3d 1249, 1261 (11th Cir. 2001); Siudock v. Volusia Cnty. Sch. Bd., No. 12-CV-503, 2013 WL

6187537, at *16 (M.D. Fla. Nov. 25, 2013) aff'd, No. 13-15576, 2014 WL 2463009 (11th Cir. June 3, 2014).

Lombard's allegation that she was terminated in retaliation for requesting a reasonable accommodation satisfies the second prong's requirement that she suffer an adverse employment action. Lucas, 257 F.3d at 1261 ("An employment action is considered 'adverse' . . . if it results in some tangible, negative effect on plaintiff's employment.")

To satisfy the third prong, "a plaintiff merely has to prove that the protected activity and the negative employment action are not completely unrelated.  For purposes of a prima facie case, close temporal proximity may be sufficient to show that the protected activity and the adverse action were not wholly unrelated." Freytes-Torres v. City of Sanford, 270 F. App'x 885, 893 (11th Cir. 2008) (quotations and citation omitted).  Lombard's allegations that she was terminated less than a month after requesting an accommodation for her disability is sufficient to establish the temporal proximity necessary to satisfy the third prong.  Id.  Accordingly, Lombard has adequately alleged her ADA and FCRA retaliation claims.

## C.  Lombard's FMLA Interference and Retaliation Claims (Counts Five and Six)

"Under the FMLA, an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for a

serious health condition that makes the employee unable to perform the functions of her position." Gilliard v. Georgia Dep't of Corr., 500 F. App'x 860, 864 (11th Cir. 2012) (quotations omitted). An employee may bring two types of FMLA claims: "interference claims, in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the Act; and retaliation claims, in which an employee asserts that his employer discriminated against him because he engaged in an activity protected by the Act." Pereda v. Brookdale Senior Living Communities, Inc., 666 F.3d 1269, 1272 (11th Cir. 2012). The Complaint contains both interference (count five) and retaliation (count six) claims.

To succeed on an FMLA interference claim, Lombard "must demonstrate only that she was denied a benefit to which she was entitled under the FMLA." Schaaf v. Smithkline Beecham Corp., 602 F.3d 1236, 1241 (11th Cir. 2010) (quoting Martin v. Brevard Cnty. Pub. Sch., 543 F.3d 1261, 1266-67 (11th Cir. 2008)). As Lombard concedes that she was granted leave (Doc. #1, ¶ 20), her claim for FMLA interference rests on her assertion that "TZ failed to return [her] to her former position [or] an equivalent position in violation of the FMLA." (Id. at ¶ 119.) However, other than this "formulaic recitation of the elements," Lombard alleges no facts to support her claim that her post-leave position at TZ was inequivalent to her pre-leave position. Accordingly, Lombard's

FMLA interference cause of action (count five) is dismissed.  As requested, Lombard is granted leave to amend this count.

To prevail on a FMLA retaliation claim, "an employee must demonstrate that his employer intentionally discriminated against him in the form of an adverse employment action for having exercised an FMLA right." Strickland v. Water Works & Sewer Bd. of City of Birmingham, 239 F.3d 1199, 1207 (11th Cir. 2001). Absent direct evidence of an employer's intent, courts employ the same test used for ADA retaliation claims:  "an employee claiming FMLA retaliation must show that (1) he engaged in statutorily protected activity, (2) he suffered an adverse employment decision, and (3) the decision was causally related to the protected activity." Martin, 543 F.3d at 1268.

Here, Lombard's alleged request for leave qualifies as a statutorily protected activity.  See Wai v. Fed. Exp. Corp., 461 F. App'x 876, 882 (11th Cir. 2012) (request for leave for medical reasons is sufficient to implicate FMLA rights even if request does not specifically reference the FMLA).  As explained in the Court's analysis of counts three and four, Lombard adequately alleges an adverse employment decision (her termination) and a causal relationship between her termination and her request for leave.  Accordingly, she has adequately pled her FMLA retaliation cause of action.

D.   **Lombard's FWA Claim (Count Seven)**

As TZ does not argue that Lombard has failed to state her FWA cause of action, the Court will address only whether Lombard's demand for punitive damages in connection with this count must be stricken.   As an initial matter, it is unclear from the face of the Complaint whether or not Lombard actually seeks punitive damages for count seven.   While the Complaint's blanket "General Causations and Damages" section appears to demand punitive damages for all seven counts, there is no specific request for punitive damages in count seven.   (Doc. #1, ¶¶ 125-39).   In her Response, Lombard eliminates the confusion by conceding that she does not seek punitive damages for her FWA cause of action.   (Doc. #12, p. 13)   Accordingly, to the extent the Complaint could be read to demand punitive damages in connection with count seven, such demand is stricken.

Accordingly, it is now

**ORDERED:**

1.   Defendant's Motion to Dismiss Plaintiff's Complaint or, in the Alternative, Motion to Strike Plaintiff's Punitive Damages Claim (Doc. #9) is **GRANTED IN PART AND DENIED IN PART.**

2.   The Complaint's fifth count is **dismissed without prejudice** to filing an Amended Complaint within **FOURTEEN (14) DAYS** of this Opinion and Order.

12

3.    To the extent the Complaint' seventh count could be read to demand punitive damages, such demand is **STRICKEN**.

4.    Defendant's Motion is otherwise **DENIED.**

**DONE AND ORDERED** at Fort Myers, Florida, this   10th   day of June, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE


Copies: Counsel of record